IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY HAYES | § | |
| | § | CIVIL ACTION NO._____ |
| VS. | § | |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | DEFENDANT DEMANDS A JURY |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, WAL-MART STORES TEXAS, LLC ("Defendant"), and files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, removing the above-captioned case to the United States District Court for the Southern District of Texas, Houston Division. The grounds for removal are as follows:

### I. STATEMENT OF GROUND FOR REMOVAL

On April 18, 2019, Plaintiff Larry Hayes ("Plaintiff") commenced an action in the 506th Judicial District Court of Waller County, Texas captioned "Cause No. 19-04-25488; *Larry Hayes v. Wal-Mart Stores Texas, LLC*" in which he sought personal injury damages allegedly resulting from an incident that occurred on March 23, 2019 (the "Incident"), at Wal-Mart Store #951 (the "Store") in Hempstead, Texas.

The state court action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and diversity of citizenship exists between properly joined parties.

## II. PROCEDURAL REQUIREMENTS FOR REMOVAL

Upon filing of this Notice of Removal of the cause, Defendant gave written notice of the filing to Plaintiff and her counsel as required by law. A copy of this Notice is also being filed with the Clerk of the Court in Waller County, Texas, where this cause was originally filed. A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

Removal is timely as the first date upon which Defendant, or its agents, received Plaintiff's demand requesting damages of $285,800.00 was on December 30, 2019, which is less than 30 days before this removal notice. 28 U.S.C. § 1446(b). *See* Plaintiff's counsel's demand letter, attached as Exhibit B.

## III. VENUE

This is a statutorily proper venue under the provisions of 28 U.S.C. § 1441(a) because this district and division embrace the county where the removed action was pending.

## IV. PARTIES

According to his Original Petition, Plaintiff was a citizen of Waller County, Texas, at the time suit was commenced. *See* Exhibit A, Plaintiff's Original Petition, Page 2, Para. 4.

Although corporations are citizens of the state in which they are incorporated, partnerships and other unincorporated entities are citizens of all states in which its partners or members are citizens. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004).

Defendant Wal-Mart Stores Texas, LLC is, and at the time of filing of this action was, a limited liability company existing under the laws of the State of Delaware with its principal place of business in the State of Arkansas. The sole member of Defendant Wal-Mart Stores Texas,

L.L.C. is Wal-Mart Stores East, L.P., a Delaware limited partnership with its principal place of business is in the State of Arkansas. Wal-Mart Stores East, L.P. is comprised of general partner, WSE Management, L.L.C., and limited partner, WSE Investment, L.L.C., both of which are Delaware limited liability companies with their principal places of business in the State of Arkansas. The sole member of WSE Management, L.L.C. and WSE Investment, L.L.C. is Wal-Mart Stores East, Inc., an Arkansas corporation with its principal place of business in the State of Arkansas.

The citizenship of the parties as alleged above existed at the time the underlying action was commenced and remain unchanged at the time of removal.

## V. JURISDICTIONAL BASIS FOR REMOVAL

Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction of civil actions in which the parties are citizens of different states, and the amount in controversy exceeds $75,000.00. The removing defendant has the burden to show that proper federal diversity jurisdiction exists to sustain removal. *Allen v. R & H Oil & Gas, Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

The relevant jurisdictional facts are to be judged as of the time of removal. *Allen*, 63 F.3d at 1335. Subsequent events, such as filing an amended complaint specifically reducing the amount of damages sought, cannot deprive the court of jurisdiction once it has attached. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

A.  **Amount in Controversy Exceeds $75,000.00.**

    1.  <u>Legal Standard</u>

When a plaintiff does not allege a specific amount of damages, defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional

3

amount. *Gebbia*, 233 F.3d at 881. A defendant can carry its burden by showing that it is either facially apparent from a plaintiff's petition that the plaintiff's claims are likely to exceed $75,000.00, or by presenting summary judgment-type evidence that the amount in controversy is likely to exceed the jurisdictional minimum. *Id.*; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Such "tests are applied in order, and only if the "facially apparent" test is not met, do we require "summary judgment" type evidence of the amount in controversy." *Pollet v. Sears Roebuck & Co.*, 46 Fed. Appx. 226, *2-3 (5th Cir. 2002).

2. <u>Analysis</u>

Because ambiguity as to a specific amount in controversy exists; Plaintiff refuses to commit to an amount in controversy in his Texas state pleadings; Plaintiff submitted correspondence to Defendant demanding damages in excess of $75,000; Plaintiff selected a Level 3 discovery control plan; and, Plaintiff alleges he was seriously injured as pled for in his Original Petition and correspondence outlining treatment, it is apparent that the amount in controversy in the instant case exceeds $75,000. *See Gebbia*, 233 F.3d at 881; *see also Pollet*, 46 Fed. Appx. 226, *2-3.

First, in his Original Petition, Plaintiff stated the following with respect to the monetary relief sought: "Pursuant to Texas Rule of Civil Procedure 47 (c), Plaintiff seeks monetary relief of no more than $100,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees and judgment for all other relief to which Plaintiff is justly entitled. Plaintiff further pleads that the amount in controversy in this matter does not exceed $75,000."

Next, Plaintiff selected a <u>Level 3</u> Discovery Control Plan per the Texas Rules of Civil Procedure. *See* Exhibit A, page 1, para. 1. Level 3 plans are designed for more complex cases

4

that generally do not fit into the framework of Level 1 or 2 plans, requiring a court-managed discovery control plan, similar to federal-court practice.

Additionally, Plaintiff's petition prays that Plaintiff obtain "judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre and post-judgment interest, all costs of Court, and all such other and further relief, to which he may be justly entitled". *See* Exhibit A, page 4, Para. 18.

In fact, with respect to damages, Plaintiff emphasized that he was "seriously injured", and as such, seeks damages for past and future medical expenses; past and future pain; past and future suffering; past and future mental anguish; past and future physical impairment; past and future physical disfigurement; past lost wages; and, future loss of earning capacity. *See* Exhibit A, page 3, para. 13.

Plaintiff specifically identifies his injuries, demands, and status to Defendant when he forwarded a demand letter to Defendant on or about December 30, 2019; and extended an offer to settle this case for $250,000.00, or tripple the threshold minimum of $75,000.00. In his letter, Plaintiff again emphasized that he suffered "severe injuries", and "has undergone reasonable and necessary treatment for these injuries." *See* Plaintiff's counsel's demand letter, attached as Exhibit B.

Additionally, federal district courts in Texas use demand letters and other collateral sources, as evidence in ascertaining the amount in controversy for removal purposes. *See, Lozano v. Roger L. Shoellerman and Ron Schoellerman Trucking, Inc.,* 2009 WL 211080, *2 (S.D. Tex. 2009) (unpublished); *Escobedo v. Marmaxx Operating Corp.,* 2009 WL 1636245, *2-3 (S.D. Tex. 2009).

5

Therefore, because Plaintiff's correspondence clearly demands tripple the minimum amount in controversy ($250,000.00), sufficient evidence exists demonstrating that removal is proper.

Defendant has produced ample evidence for the Court to find removal appropriate. Defendant has met its burden to prove by a preponderance of the evidence that Plaintiff's claims are likely to exceed $75,000.00. Consequently, the Court can find that the amount in controversy requirement has been satisfied to have this case properly removed to this Court.

**B.    Diversity of Citizenship**

As set forth, *supra*, Plaintiff is a citizen of the State of Texas and Defendant is composed of companies organized under the laws of Delaware and Arkansas, with their principal places of business in the State of Arkansas. None of Defendant's partners or members are citizens of the State of Texas. As such, Defendant has met its burden of establishing that diversity of citizenship exists between the parties.

## VI. CONCLUSION

Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Additionally, Defendant has established that diversity of citizenship exists between the parties in this case. Therefore, the Court should find that removal is proper in this case.

## VII. PRAYER

WHEREFORE, Defendant, Wal-Mart Stores Texas, LLC prays that this Court find that the above-styled action now pending in the 506th Judicial District of Waller County, Texas, be removed therefrom to this Honorable Court.

Respectfully submitted,

**BUSH & RAMIREZ, PLLC**

<u>*/s/John A. Ramirez*</u>
John A. Ramirez
Attorney in Charge
Texas Bar No. 00798450
Fed. Bar No. 21280
Stephanie B. Donaho
State Bar No. 24055213
Federal ID No. 3028742
5615 Kirby Drive, Suite 900
Houston, Texas 77005
(713) 626-1555 Telephone
(713) 622-8077 Telecopier
jramirez@bushramirez.com

ATTORNEYS FOR DEFENDANT,
WAL-MART STORES TEXAS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on this 3rd day of January, 2020.

John Daspit
Swetha Sajja
The Daspit Law Firm
440 Louisiana Street, Ste. 1400
Houston, Texas  77002

　　　　　　　　　　　　　　　　　　　　　　/s/John A. Ramirez
　　　　　　　　　　　　　　　　　　　　　　John Ramirez / Stephanie Donaho

Cause No. 19-04-25488

| | | |
|---|---|---|
| LARRY HAYES | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | WALLER COUNTY, TEXAS |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | 506th JUDICIAL DISTRICT |

## **DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant WAL-MART STORES TEXAS, LLC, and on this date, January 3, 2020, files this Notice of Filing Notice of Removal, a copy of which is attached hereto, in the office of the Clerk of the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

**BUSH & RAMIREZ, PLLC**

*/s/ John A. Ramirez*
John A. Ramirez
State Bar No. 00798450
Stephanie B. Donaho
State Bar No. 24055213
5615 Kirby Drive, Suite 900
Houston, Texas 77005
Telephone: (713) 626-1555
Facsimile: (713) 622-8077
jramirez.atty@bushramirez.com
sdonaho.atty@bushramirez.com

**ATTORNEYS FOR DEFENDANT,
WAL-MART STORES TEXAS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on this 3rd day of January 2020.

    John A. Daspit
    Magaly Grimaldo
    Daspit Law Firm
    440Louisiana, Suite 1400
    Houston, Texas 77002

                                                                /s/ John A. Ramirez
                                                                John A. Ramirez